JOHN E. KUHN JR.
United States Attorney

CHRISTOHER D. SCHROEDER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: christopher.schroeder@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NELLIE SHERRY SERRADELL,<br><br>Defendant. | Case No. 3:21-cr-00064-JMK-MMS<br><br>PLEA AGREEMENT |

## PLEA AGREEMENT

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count of the Indictment in this case: Count 2 – Kidnapping, in violation of 18 U.S.C. § 1201(a)(1). The parties agree and stipulate that the base offense level will be 32 under USSG § 2A4.1(a). The parties further agree and stipulate that the following specific offense characteristic applies: USSG § 2A4.1(b)(5) (sexual exploitation), resulting in a total offense level of 38 prior to any offset for acceptance of responsibility. The United States will recommend a sentence no greater than the high end of the guideline range as determined by the Court at sentencing.

The United States will dismiss all remaining counts at sentencing and agrees not to prosecute the defendant further for any other offense related to the events that resulted in the charges contained in the Indictment. The parties agree that any sentence in this case shall be served concurrently to any sentence imposed in Alaska Superior Court case number 3AN-19-11234CR pursuant to USSG § 5G1.3(c).

The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may

not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

1. **The defendant agrees to plead guilty to the following count of the Indictment:**

Count 2 – Kidnapping, in violation of 18 U.S.C. § 1201(a)(1).

### B. Elements

The elements of the charge in Count 2 to which the defendant is pleading guilty are as follows:

1. The defendant knowingly and willfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away the victim,

2. The defendant held or detained the victim against her will for ransom, reward, or for any other purpose, and

3. The defendant used any means, facility, or instrumentality of interstate or foreign commerce in committing or furthering the commission of the offense.

### C. Factual Basis

The defendant admits the truth of the allegations in Count 2 of the Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea and for the imposition of the sentence:

On November 17, 2019, and within the District of Alaska, the defendant, Nellie Sherry Serradell, knowingly and willfully seized, confined, kidnapped, abducted, and carried away the victim, and thereafter held or detained the victim against her will for ransom, reward, or for any other purpose. The defendant used the victim's 2009 Saturn Vue – a means, facility, and instrumentality of interstate or foreign commerce – to commit and further the commission of the offense.

Around 4:45 a.m. on November 17, the defendant left the scene of a one car accident off Dimond Boulevard in Anchorage. She walked on foot in and out of traffic on Dimond, trying to stop several passing cars.

At 5:48 a.m., the defendant ran in front of a passing car driven by the victim at Dimond Boulevard and C Street. The victim agreed to give the defendant a ride at least as far as her place of employment. When they arrived in the parking lot, the defendant suddenly grabbed the victim by the sweatshirt and said, "Drive. I have a gun." The defendant punched the victim twice in the face and demanded that she drive faster and do as she was told. The defendant began aggressively touching the victim's vagina and breasts through her clothing. She also demanded money.

The defendant forced the victim to drive to a trailer park at 2221 Muldoon Road and park. The defendant ordered the victim to turn the car off and give her the keys. She also told the victim to undress. The victim removed all her clothing except for her socks. The defendant told the victim to recline in the driver's seat. The defendant touched the victim's breasts and digitally penetrated her vagina. She told the victim to move into the backseat. After the victim moved to the backseat, the defendant continued to sexually assault her. In

doing so, the defendant sexually exploited the victim by knowingly causing her to engage in a sexual act, to wit: penetration of the anal or genital opening of the victim by a hand or finger or by any object, with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the defendant's sexual desire. The defendant compelled the victim to engage in this sexual act by both using force against the victim and by threatening or placing the victim in fear that she would be subjected to death or serious bodily injury.

The victim begged the defendant to stop and offered money if the defendant let her go. The defendant agreed. The victim retrieved a debit card and said she could give the defendant $300. The defendant demanded more and eventually settled on $400. She told the victim they needed to find an ATM. Approximately 15 minutes after arriving at the trailer park, the victim and the defendant drove away. The defendant allowed the victim to put on a jacket as she drove.

The victim drove across town to the Holiday gas station at 3727 Spenard Road, but the defendant told her not to stop there. The defendant told the victim that she was going to be chopped up into tiny pieces. The defendant asked the victim if she was a virgin. When the victim said yes, the defendant replied that was good, and that her "boys" would like that. The defendant then fell asleep.

The victim pulled into the Shell gas station at 901 East 15th Avenue and quietly got out of the car. She ran inside the gas station wearing only a jacket and called 911. As the victim was on the phone, the defendant woke up and saw that she was gone. The defendant looked up and made eye contact with the victim as she was on the phone inside. The defendant then moved to the driver's seat and drove off in the victim's car.

Police arrested the defendant at a motel on Spenard Road the next day. The defendant was wearing the victim's brown boots. While in the backseat of the patrol car on the way to the hospital, the defendant was recorded mumbling, "*They parked the car on Boniface. It wasn't only me....*" Police recovered the victim's car that night in a parking lot on Boniface Parkway. The Alaska State Crime Lab later determined that the defendant's DNA was on the steering wheel and inside a pair of red shoes the defendant left behind on the passenger seat floorboards of the car.

**D.     Statutory Penalties and Other Matters Affecting Sentence**

   **1.     Statutory Penalties**

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count 2: 18 U.S.C. § 1201(a)(1) (Kidnapping)

   1) life imprisonment;

   2) a $250,000 fine;

   3) five years of supervised release; and

   4) a mandatory $100 special assessment.

   **2.     Other Matters Affecting Sentence**

      **a.     Conditions Affecting the Defendant's Sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of USSG § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant

to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and United States Sentencing Guideline ("USSG") § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

b. **Consequences of Felony Conviction**

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare, or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

E.  **Restitution**

There is currently no identifiable restitution owed for the offense of conviction. The Court will have sole discretion ultimately to determine if the defendant has liability for any restitution.

III.  **ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS**

A.  **Advisory United States Sentencing Guidelines**

The Court must consult the advisory United States Sentencing Commission Guidelines (USSG) as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The USSG do not establish the statutory maximum or minimum sentence applicable to the offense to which the defendant is pleading guilty. The USSG are not mandatory, and the Court is not bound to impose a sentence recommended by the USSG.

B.  **Guideline Application Agreements**

The parties have no agreements on any guideline applications unless set forth below in this section.

1.  **Base Offense Level**

The parties stipulate that USSG § 2A4.1(a) applies to this case and that the Base Offense Level should be 32.

### 2. Specific offense characteristics

The parties further agree and stipulate that the following specific offense characteristic applies: USSG § 2A4.1(b)(5), that the victim was sexually exploited; resulting in a total offense level of 38 prior to any offset for acceptance of responsibility.

### 3. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in USSG § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two-level downward adjustment for acceptance of responsibility and, if USSG § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in USSG § 3E1.1 or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### 4. Concurrent Sentences for Anticipated State Term of Imprisonment

The defendant will plead guilty in Alaska Superior Court case number 3AN-19-11234CR to Sexual Assault in the Second Degree, in violation of AS 11.41.420(a)(1). Pursuant to USSG § 5G1.3(c), the parties agree that any sentence of imprisonment in this case shall run concurrently to the anticipated term of imprisonment in Alaska Superior Court case number 3AN-19-11234CR because the offense in that case is relevant conduct to the instant offense of conviction.

### C. Sentencing Recommendations

The United States Probation Office ("USPO") will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the USSG. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the USPO recommends, as well as present evidence in support of their respective sentencing arguments.

The United States will recommend a sentence no greater than the high end of the guideline range as determined by the Court at sentencing. The parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C., any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory USSG, and the sentencing factors set forth in 18 U.S.C. § 3553.

The defendant understands the Court is not bound by any party's recommendation and can impose any sentence it believes is appropriate, even if such sentence is higher or lower than the parties' recommendations.

### IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea or sentence is rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, RULE 410, AND ADDITIONAL DISCOVERY

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;
- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;
- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and
- The right to contest the validity of any searches conducted on the defendant's property or person.

**B.    Appellate Rights**

The defendant waives the right to appeal the conviction resulting from the entry of guilty plea to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D. above, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

By waiving these rights, the defendant understands that the conviction and sentence the Court imposes will be final. No other court will conduct appellate review of the conviction or the sentence.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction or sentence – including forfeiture or terms or conditions of probation (if applicable), or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by her in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow, even if the defendant fails to enter a guilty plea pursuant to this agreement. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) and is effective upon the court's acceptance of the guilty plea in this case. This provision applies regardless of whether the court accepts this plea agreement.

### F. Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court Judge. The defendant, Defense Counsel, and the attorney for the Government consent to have the defendant's plea taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case.

The defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2, this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Nellie Sherry Serradell, the defendant, affirm this document contains all the agreements made between me – with the assistance of my attorney – and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My

*U.S. v. Nellie Sherry Serradell*
3:21-cr-00064-JMK-MMS            Page 16 of 18

Case 3:21-cr-00064-JMK-MMS   Document 35   Filed 07/25/22   Page 16 of 18

attorney and I have discussed all possible defenses to the charge to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute applicable to my offense and sentence as well as the possible effect the USSG may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 2 of the Indictment – Kidnapping, in violation of 18 U.S.C. § 1201(a)(1).

DATED: 7/25/22

_____
NELLIE SHERRY SERRADELL
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence,

I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 7/25/22

_____
T. BURKE WONNELL
Attorney for Nellie Sherry Serradell

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

JOHN E. KUHN, JR.
United States Attorney

DATED: 7/25/2022

_____
CHRISTOHER D. SCHROEDER
Assistant United States Attorney

*U.S. v. Nellie Sherry Serradell*
3:21-cr-00064-JMK-MMS          Page 18 of 18

Case 3:21-cr-00064-JMK-MMS   Document 35   Filed 07/25/22   Page 18 of 18